Edward J. Greenfield, J.
The defendant here, as a tenant in a New York City Housing Authority project, agreed to abide by its rules and regulations and to submit signed statements with respect to his family’s income. He further agreed to pay additional rent if he misstated or misrepresented his correct income, over and above the actual rent paid. This was a concomitant of the fact that the aggregate family income could not exceed specified levels. (Public Housing Law, § 156.) The power to fix the rentals rested solely with the Authority. (Public Housing Law, § 154.)
In making statements with respect to income, the utmost candor is required of a tenant if he is to continue to enjoy the use of publicly subsidized space. (New York City Housing Auth. v. Stern, 3 Misc 2d 1007.) The New York City Housing Authority, acting pursuant to the authority conferred upon it by law, promulgated its Resolution No. 62-9-683, amending Resolution No. 60-8-684. The defendants are bound by the provisions of the Authority resolution. (Wirtz v. Lobello, 1 A D 2d 416, mot. *339 for lv. to app. den. 2 A D 2d 807.) Article V provided that if the tenant failed to report income or other information, or misrepresented or concealed his -correct income, he should he required to pay a surcharge. The resolution further provided “ that if the income of the tenant is non-verifiable, or if the Authority is unable to satisfactorily ascertain the correct income of the tenant ” the tenant would be required to pay the maximum rent established for the apartment. The Authority’s “ power to fix and revise rents is wholly unqualified.” (Gelfand v. New York City Housing Auth., 111 N. Y. S. 2d 256, 258, Botein, J.)
Since all the applicable facts and figures with respect to income and employment are more readily available to the tenant, the burden must be upon the tenant to provide verification of the income, satisfactory to the Authority, reported by him. If the tenant is unable to verify the figures he claims, the Authority may rightly presume that the income is at least sufficient to justify charging the maximum rent.
In this case, although the tenant was associated with five different firms, he did not report for the applicable periods his association with two companies in which he was a principal. He now contends that he really had no income from these companies and, hence, had no obligation to list them. It would appear that whether or not his companies operated profitably, the tenant had an obligation to report their existence. If they were in fact highly profitable, he may have been ineligible for further subsidized public housing. If he sustained serious losses in the operation of such business, then the Authority was entitled to know that in order to ascertain whether he could continue to pay the rent previously fixed. The tenant furnished no information initially to enable the Authority to make any determination. When the facts finally were reported, the tenant testified that he received no income from one firm, despite an accountant’s statement he produced which showed the contrary. In fact, he reported income from that concern on his tax returns. The other company in which he was a principal filed a petition in bankruptcy, but that, in and of itself, failed to reveal whether the tenant had any income from that company in prior years. The court was under no obligation to accept the tenant’s say-so as to lack of income. Under the circumstances, the Authority could properly consider that the tenant had concealed material facts with respect to his income, and that the actual amount of such income could not be ascertained or verified.
The Authority is accordingly entitled to judgment for the surcharges it made. Judgment for plaintiff in the sum of $341.44 against both defendants, together with interest and costs.