■ In the Matter of RHEA NEWTON, Petitioner, v. MUNICIPAL HOUSING AUTHORITY FOR THE CITY OF YONKERS, Respondent.— Proceeding pursuant to article 78 of the CPLR, *inter alia,* to review respondent's determination that petitioner be evicted from the subject premises (a public housing project), based on findings that petitioner, *inter alia,* did not report certain income received during her tenancy in the premises. Proceeding dismissed on the merits and determination confirmed, without costs. No opinion. Hopkins, Acting P. J., Cohalan, Brennan and Benjamin, JJ., concur; Munder, J., dissents and votes to annul the determination, with the following memorandum: As this court stated in *Matter of Vinson* v. *Greenburgh Housing Auth.* (29 A D 2d 338, 342, affd. 27 N Y 2d 675), "the eviction of a family in the income bracket eligible under the standards of public housing from its household is a serious blow." For that reason, the grounds given for eviction must be closely scrutinized. Here, there was no claim or evidence that petitioner's conduct had interfered with the operation of the housing project in any way, i.e., nothing to indicate that petitioner or her family were destroying fixtures, defacing property or disturbing other tenants. The ground for eviction was that petitioner had

failed to report certain income to respondent. In my view, that cannot support eviction in this case. Petitioner was a welfare recipient. As such, and as long as she was receiving welfare assistance, her rent was governed by pertinent rule of the Executive Department of the State of New York (9 NYCRR 1627–2.6 [c] [5]). Clause (i) of paragraph (5) thereof provides as follows: "Income reviews are not required of families or persons receiving full or partial monetary welfare assistance. Accordingly, close liaison should be maintained with the appropriate local welfare agency furnishing assistance in order to insure immediate notification to the authority of the commencement or discontinuance of welfare assistance to any authority tenant. The rent paid by a welfare client shall be determined in accordance with a schedule of fixed welfare rents based upon the size of the dwelling unit occupied but not in excess of the following schedule:

| Apartment size (by number of bedrooms) | Monthly rent (dollars) |
| --- | --- |
| 0 | 65 |
| 1 | 77 |
| 2 | 90 |
| 3 | 101 |
| 4 | 107 |
| 5 | 110." |

The record in this case indicates that petitioner, pursuant to this schedule, was living in a two-bedroom apartment and paying $90 rent per month. The income which petitioner allegedly received and failed to report was *not* sufficient to put her over the maximum income ($6,768) permitted for continued occupancy in a two-bedroom apartment. In other words, petitioner's conduct was a subject for review by the local welfare agency. Until that agency terminated petitioner's assistance, or until petitioner did something which substantially affected the landlord-tenant relationship (and that was not done here), her eviction would be improper (cf. *Matter of Vinson v. Greenburgh Housing Auth., supra*; *New York City Housing Auth. v. Shedletsky*, 44 Misc 2d 338). [72 Misc 2d 633.]