■ In the Matter of CAROLYN M. JOHNSON, Petitioner, v EMANUEL P. POPOLIZIO, as Chairman of the New York City Housing Authority, Respondent.—In this CPLR article 78 proceeding transferred to this court pursuant to CPLR 7803 (4) and 7804 (g) by order of the Supreme Court, New York County (Jawn Sandifer, J.), entered November 3, 1988, the determination of the respondent dated October 7, 1987 which upheld the Grievance Hearing Officer's finding that petitioner is not entitled to a lease for the apartment formerly occupied by her sister, is unanimously confirmed and the petition dismissed, without costs, and the counterclaim of the respondent is dismissed without prejudice.

Based upon our review of the record, the New York City Housing Authority's determination to deny Ms. Johnson's claim of entitlement to a lease to her sister's public housing

apartment is supported by substantial evidence and therefore is confirmed. Petitioner concealed from the Housing Authority the fact that she and not her sister was living in the subject apartment since at least 1982, if not earlier.

The Housing Authority has counterclaimed in this article 78 proceeding for $25,899 representing the amount it claims it may be accountable for to the United States Department of Housing and Urban Development (HUD) as an unauthorized subsidy expenditure in connection with the petitioner's unauthorized tenancy.

While a counterclaim may be raised in an article 78 proceeding (CPLR 7804 [d]), the issue should be relevant to the issues of the administrative proceeding under review. The underlying administrative proceeding here at issue concerned petitioner's entitlement to succeed to the apartment formerly leased to her sister in the context of the respondent's regulations for family succession and petitioner's fraudulent concealment of her prior occupancy. No issues regarding petitioner's financial eligibility were reviewed. Therefore, the record in this article 78 proceeding is barren on this issue, and it is difficult to assess the merits of the counterclaim.

The counterclaim seeks to address issues related to possible fraud by the petitioner in reporting her income, which would implicate the respondent's allegation that it may be liable to HUD for an unauthorized subsidy. On this state of the record, the counterclaim is speculative and premature. There is no indication that petitioner, who appears to have earned a salary of $200 a week at the time of the hearing, and to have been on and off welfare for many years before, had income too high for public housing. Nor is there any indication that the Housing Authority has yet to return any Federal subsidy funds to HUD because of petitioner's occupancy of the apartment. Accordingly, there are no facts present on this record to justify the counterclaim.

In this procedural context, and on the present state of this record, the counterclaim should be dismissed without prejudice. If the respondent wishes to pursue its claim for money damages against the petitioner, it may do so in an appropriate independent proceeding, if so advised. *(See, New York City Hous. Auth. v Shedletsky,* 44 Misc 2d 338; *New York City Hous. Auth. v Stern,* 3 Misc 2d 1007.)* Concur—Asch, J. P., Rosenberger, Ellerin, Wallach and Rubin, JJ.